PARKER, Trustee, and others *v.* STOW.

*(Circuit Court, D. Connecticut.   March 23, 1885.)*

PATENTS FOR INVENTIONS—PATENTABILITY—ANTICIPATION — BABY CARRIAGES—
    MOVABLE TOPS—INFRINGEMENT.

    Reissued patent No. 10,363, granted to Horatio G. Parker, trustee, August 7, 1883, for an improvement in children's carriages, compared with the patent issued February 11, 1868, to Bein & Ulrich, and the patent issued June 9, 1868, to Eliphalet S. Scripture, and the first claim of said reissue *held* valid, and infringed by sales by defendant of carriages having a canopy top, rigidly secured to two rigid arms, one depending on each side of the carriage, and pivoted at their lower ends to standards rigidly fastened on each side of the carriage body by means of friction-plates and a thumb-screw, which causes the plate to which it is attached to relax or renew its grasp, so that the top can be moved in any position, and may drop in front of the seat or behind it, or may be held in an upright or intermediate position.

In Equity.

*Strawbridge & Taylor* and *Benj. F. Thurston*, for plaintiffs.

*John W. Konvalinka*, for defendant.

SHIPMAN, J.  This is a bill in equity to prevent the infringement of reissued letters patent No. 10,363, granted to Horatio G. Parker, trustee, August 7, 1883, for an improvement in children's carriages.  The nature and distinctive features of the invention are described in the specification of the reissue as follows:

"This invention relates to that class of carriages having a square or canopy top, and its object is to enable the child to be seen and taken from the carriage by the attendant without leaving the position she must occupy for propelling it by the handle at the back; and also to enable the child's face to be protected from the sun or wind when they are in the direction in which the carriage is pushed; and it consists in such an arrangement and construction that

the top may be dropped in front of the seat as well as behind it, or fixed in an upright position over the carriage, or inclined at various angles; and also in the mechanism by which the same is accomplished, consisting of a pair of rigid arms secured rigidly to the carriage top and jointed to the recessed arcs attached to the body, the arms being provided with spring-bolts, or their equivalent, which engage with the recesses on the said arcs to retain the top in the desired position."

The first claim of the reissue is as follows:

"In a child's carriage, a rigid top or canopy, C, fixed upon the arms, A, pivoted to the sides of the body, so that said canopy may drop in front of the seat or behind it, or be held in an upright or intermediate position, substantially as and for the purposes set forth."

In order to ascertain the validity of the patent, the extent of the invention, if any was made, and the construction of the recited claim, a knowledge of the state of the art is necessary, and is obtained from two patents: one to Bein & Ulrich, of February 11, 1868, and the other to Eliphalet S. Scripture, of June 9, 1868.

The features of the Bein & Ulrich carriage were twofold: *First,* its seat and calash top were reversible, so that both could be placed at the different ends of the carriage body; and, *second,* the top "could be supported above the middle of the carriage to act as a sun umbrella." The first was the principal object of the carriage, and the mechanism which was apparently necessary to carry into effect that part of the invention could not accomplish the second object. In order to make the top reversible, its bows were pivoted to narrow iron plates, one depending upon each side of the carriage. The lower ends of these plates were pivoted to stiff bars or links, which also were pivoted at their lower ends to the sides of the carriage, so that there were three loose joints between the top and the sides of the carriage. Each of these links or bars rests upon a pin on the side of the carriage. In order to make the changes from one end to the other, the joints must move easily. To have the top stand vertically, a friction plate and screw are applied to the uppermost joint, and when so applied the top is rigid; but, as the middle joint is loose, it would tumble down if the carriage should be wheeled over a rough place, and if the middle joint was also provided with a friction contrivance, the top would swing from side to side, unless the joint at which the bar was pivoted to the carriage should be made firm.

The Scripture device is an ordinary buggy top, having three bows which are kept apart or brought together "by means of a substitute for the ordinary side brace, lettered E, F, H', in the patent. All these bows are pivoted upon a common pivot at each side of the seat, as in ordinary buggies, and to the place where they are pivoted there is applied a friction clamp, substantially the same as that shown in the carriage of defendants herein, by means of which the rearmost bow, called in the patent the back or main bow, *a,* can be held in any position between its lowermost position behind the driver and a position vertically above the back of the seat, and when it is in either

of these positions, or those intermediate between them, the other bows can be held in various positions with respect to it, by means of the contrivance, E, F, H'." The top cannot be placed at an angle in front of the seat.

The Bein & Ulrich carriage contained the germ of the invention of the plaintiff's patent. It had a top which, by means of a friction plate and screw, could be placed in a vertical position, and could be inclined to some extent either forward or backward, but could not be held in any position except against the end of the carriage, because the other joints were loose, and the top must tumble down when the carriage was used. The invention of Richardson, the plaintiffs' assignor, consisted in discarding the reversible seat and the reversible character of the top, and in changing the mechanism which supported the top so as to have a pair of rigid arms, one on each side of the carriage, rigidly fixed to a canopy top at their upper ends, and their lower ends pivoted to the sides of the carriage body, by either the described or equivalent means, so that the top can drop in front of the seat or behind it, or be held in an upright or intermediate position. The plate or arm or casting, by means of which it is pivoted to the sides of the body, is firmly attached to the body. In the patented device, the arms were jointed to recessed arcs attached to the body. The first claim is for the combination of the rigid top, the rigid arms pivoted at their lower ends to the sides of the body, by either the described or equivalent means, so that the specified result is produced.

The first question is whether the invention is patentable. The defendant insists that, in view of the Bein & Ulrich and the Scripture patents, it is without patentability. It cannot be successfully claimed that Bein & Ulrich anticipated the Richardson invention in the sense that their patent was infringed thereby, because the Bein & Ulrich arms were constructed upon a wrong principle and were a failure; but it is said that it would require no invention to attach the friction clamp of the Scripture patent to their middle joint. It is true that the described alteration would require no invention, but the device would still be a useless one, for the lower joint at the side of the carriage would be a fatal defect. All the joints must be furnished with friction plates, and even then the support of the top would be cumbersome and insecure. It is also said that no invention would be required to permanently secure the lower section of the Bein & Ulrich arm to the body of the carriage. The leading idea of the carriage, the reversible top, would then be abandoned, and to create a new device from an old one, by altering the structure so as to abandon the principal thing which the old was created to do, and so as to change the principle of the mechanism in order to accomplish what the old structure did not undertake to do, viz., hold the top in an intermediate position, seems to require invention.

The Scripture patent is not important upon the question of patentability. It used a friction-plate and thumb-screws to hold the rear-

most bow of a buggy top in any desired point. The other bows were held in the desired point by means of another contrivance.

The defendant sells children's carriages having a canopy top, rigidly secured to two rigid arms, one depending on each side of the carriage. These arms are pivoted at their lower ends to standards, rigidly fastened on each side of the carriage body. The arms are pivoted by means of friction-plates and a thumb-screw, which causes the plate to which it is attached to relax or renew its grasp so that the top can be moved in any position, and may drop in front of the seat or behind it, or may be held in an upright or intermediate position. This friction device was known to be a substitute for the spring-latch and notches of the plaintiff's patent before its date. The difference between the plaintiff's and the defendant's carriage is that the former has a longer arm than the latter has, and is jointed to a metal casting, which is attached to the body, and which consists in part of a piece of metal in the shape of an arc of a circle, the periphery being provided with a series of notches, and each arm being provided with spring-bolts. The arms of the defendant's carriage are pivoted, by means of friction-plates and thumb-screws, to standards or castings firmly attached to each side of the carriage body. As the patented invention did not consist in the form of the pivoting device, but was broad enough to include equivalents of the described form, infringement is proved.

There should be a decree for an injunction against the infringement of the first claim, and for an accounting.